UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

PETER WHEELER,

                                  Plaintiff,

      v.                                                                                  9:07-CV-0892
                                                                                          (TJM)(GHL)

GOVERNOR GEORGE PATAKI; DONALD SAWYER;
MOHAMMED IGBAL, M.D.; NURUL HOGUE, M.D.;
and HAROLD D. GRAHAM,

                                  Defendants.

---

APPEARANCES:

PETER WHEELER
95-A-7333
Plaintiff, *pro se*

THOMAS J. MCAVOY, Senior U.S. District Judge

## DECISION and ORDER

      Plaintiff Peter Wheeler filed a civil rights complaint. Dkt. No. 1. Thereafter, plaintiff filed an amended civil rights complaint[1] which, although not a model of clarity, appeared to allege that the defendants failed to protect plaintiff from being sent to the Central New York Psychiatric Center ("CNYPC"), denied him due process before sending plaintiff to CNYPC, and retaliated against plaintiff because plaintiff was successful in a prior lawsuit he filed in this District. Dkt. No. 5. Plaintiff sought "freedom from prison" and monetary damages. *Id*. at 18. By Order of this Court filed October 10, 2007, plaintiff's complaint was dismissed for failure to state a claim. Dkt. No. 8 ("October Order"). Plaintiff was advised that he had failed to allege specific acts of misconduct on the part of some of the defendants, some of the allegations contained in plaintiff's complaint were

---

[1] The amended complaint was filed as of right pursuant to Rule 15(a) of the Federal Rules of Civil Procedure.

untimely filed, and although the amended complaint contained allegations of wrongdoing that occurred at Upstate Correctional Facility, Franklin Correctional Facility, Attica Correctional Facility, and Cayuga Correctional Facility, the defendants named were located at Auburn Correctional Facility and CNYPC. *Id*. at 3-4.  With respect to plaintiff's request for "freedom from prison [and] no CNYPC," the October Order advised plaintiff as follows:

> To the extent that plaintiff seeks to alter the fact or duration of his custody, he is advised that such relief may only be obtained by way of a habeas corpus petition. *See Channer v. Mitchell*, 43 F.3d 786, 787 (2d Cir. 1994) ("habeas corpus -- not a § 1983 action -- provides the sole federal remedy where a state prisoner challenges the fact or duration of his imprisonment ....") (citing *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973)).

Dkt. No. 8 at 4-5.

For the reasons more fully set forth in the October Order, plaintiff's amended complaint was dismissed, and plaintiff was permitted an opportunity to submit a second amended complaint to cure the defects contained in the amended complaint. *Id*. at 5-6. The second amended complaint was to be submitted for filing within thirty days of the filing date of the October Order.[2]  *Id.*  By Order of Magistrate Judge Lowe filed on October 19, 2007, plaintiff was granted an extension of time until November 20, 2007 to file the second amended complaint. Dkt. No. 11. Because plaintiff did not file a second amended complaint with the Court as required by the October Order, on December 28, 2007, the Court entered judgment against plaintiff, dismissing this action in accordance with the Court's October Order. Dkt. No. 12.

Presently before the Court is plaintiff's motion for relief from judgment (Dkt. No. 13) pursuant to Rule 60(b) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). Rule 60(b)

---

[2] The second amended complaint was to be filed on or before November 10, 2007.

states:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
>    (1) mistake, inadvertence, surprise, or excusable neglect;
>
>    (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
>    (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
>    (4) the judgment is void;
>
>    (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
>    (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

In deciding a Rule 60(b) motion "a court must balance the policy in favor of hearing a litigant's claims on the merits against the policy in favor of finality." *Kotlicky v. United States Fidelity & Guar. Co.,* 817 F.2d 6, 9 (2d. Cir. 1987); *see also Welkovics v. Hebrew Academy of the Capital District,* 1995 WL 760726, No. 93-CV-1465 (N.D.N.Y. Nov. 14, 1995) (McAvoy, J.).

Plaintiff alleges that he was aware that his second amended complaint was due on November 20, 2007, but claims that he asked the Court "for another extension to file 'both' habeas corpus & civil rights complaint ... [and when he] got to Attica Nov. 9, 2007 [he asked] for another extension." Dkt. No. 13. Plaintiff therefore asks the Court for another extension of time so that he can submit a second amended complaint. *Id*.

The Court has reviewed the documents submitted by plaintiff in this action and does not find

3

a request for an extension of time beyond the November 20, 2007 date. In August 2007, plaintiff commenced a habeas corpus action in this District, which is still pending. *Wheeler v. Pataki*, 9:07-CV-863 (NAM)(DEP). The Court has reviewed the documents in that action, and notes that plaintiff sent a letter to the Court seeking an extension of time in that action until January 31, 2008 "so petitioner, **plaintiff** can file his habeas corpus and **civil complaint** correctly." *Wheeler v. Pataki*, 9:07-CV-863, Dkt. No. 5 at 1-2 (emphasis added). While it appears that plaintiff was seeking an extension of time for both his habeas petition and his civil rights case, unfortunately, plaintiff made no reference whatsoever in that letter to the present case.[3] *Id*. In light of plaintiff's *pro se* status, and his misdirected attempt to seek an extension of time to file his second amended complaint in this action, the Court hereby grants plaintiff's motion for relief from Judgment.

If plaintiff wishes to proceed with this action, he must file a second amended complaint **within thirty (30) days** from the date of the filing of this Order. Any second amended complaint submitted must provide specific details about the nature of plaintiff's claims and the injury he has allegedly suffered as specifically related to each defendant. For example, if plaintiff's civil rights were violated, he must set forth what rights, how and by whom. Vague or conclusory statements that a defendant violated plaintiff's rights are not sufficient to support a claim. The claims included in the second amended complaint must relate to wrongdoing that occurred at Auburn Correctional Facility or the Central New York Psychiatric Center.

Any such amended complaint, **which shall supersede and replace in its entirety the previous complaint filed by plaintiff**, must contain a caption that clearly identifies, by name, each individual and/or entity that plaintiff is suing in the present lawsuit, and must bear the case number

---

[3] The letter bore the caption only for *Wheeler v. Pataki*, 9:07-CV-863.

assigned to this action. The body of plaintiff's complaint must contain **sequentially numbered paragraphs containing only one act of misconduct per paragraph**. Thus, if plaintiff claims that his civil and/or constitutional rights were violated by more than one defendant, or on more than one occasion, he shall include a corresponding number of paragraphs in his amended complaint for each such allegation, with each paragraph specifying (I) the alleged act of misconduct; (ii) the date on which such misconduct occurred; (iii) the names of each and every individual who participated in such misconduct; (iv) where appropriate, the location where the alleged misconduct occurred; and, (v) the nexus between such misconduct and plaintiff's civil and/or constitutional rights.

Plaintiff is advised that his failure to file a second amended complaint **within thirty (30) days** of the filing date of this Order may result in the dismissal of this action, with prejudice. *See* Fed. R. Civ. P. 41(b).

WHEREFORE, it is hereby

ORDERED, that plaintiff's motion for relief from judgment (Dkt. No. 13) is **GRANTED**, and it is further

ORDERED, that the Judgment of the Court entered herein on December 28, 2007 (Dkt. No. 12) is **VACATED**. The Clerk is directed to reopen this action and restore same to this Court's docket, and it is further

ORDERED, that plaintiff must file a second amended complaint which fully complies with the terms this Order and the October Order **within thirty (30) days** of the filing date of this Order, and it is further

ORDERED, that should plaintiff fail to comply with the terms of this Order, the Clerk return the file to this Court for further consideration, including whether this action should be dismissed,

with prejudice, pursuant to Rule 41(b), and it is further

ORDERED, that upon the timely filing of a second amended complaint, the file in this action be returned to the Court for further review, and it is further

ORDERED, that the Clerk serve a copy of this Order on plaintiff in accordance with the Local Rules.

Dated: February 12, 2008

Thomas J. McAvoy
Senior, U.S. District Judge